# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-50204
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 5, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Felix Olivas,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-244-1

---

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Felix Olivas appeals his guilty plea conviction for being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g). Olivas contends that his guilty plea is invalid because § 922(g) was rendered unconstitutional by the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022); exceeds Congress's Commerce Clause power; and

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

requires more than the mere prior movement of a firearm in interstate commerce to satisfy the statute's jurisdictional nexus. Olivas concedes that the last two issues are foreclosed.

Because Olivas did not object to the district court's acceptance of his guilty plea, let alone on any of the bases he raises on appeal, we review only for plain error. *See Puckett v. United States*, 556 U.S. 129, 134 (2009); *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). To show plain error, Olivas must identify (1) a forfeited error (2) that is clear or obvious, rather than subject to reasonable dispute, and (3) that affects his substantial rights. *See Puckett*, 556 U.S. at 135. If he satisfies the first three requirements, we may, in our discretion, remedy the error if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Olivas fails to make the requisite showing. He cites no binding authority from this court or the Supreme Court holding § 922(g) to be unconstitutional, either facially or as applied, in light of *Bruen*. A "lack of binding authority is often dispositive in the plain-error context." *United States v. Gonzalez*, 792 F.3d 534, 538 (5th Cir. 2015). As such, we have rejected *Bruen*-based challenges to § 922(g) on plain error review. *See United States v. Jones*, 88 F.4th 571, 573-74 (5th Cir. 2023). Olivas similarly cites no binding authority for his arguments that satisfying § 922(g)'s interstate-commerce nexus requires more than a simple admission that the firearm in question travelled in interstate commerce—a fact he admitted in pleading guilty—or that § 922(g) exceeds Congress's authority under the Commerce Clause. *See Gonzalez*, 792 F.3d at 538. To the contrary, both this court and the Supreme Court have rejected such arguments. *See Scarborough v. United States*, 431 U.S. 563, 575 (1977); *Jones*, 88 F.4th at 573; *United States v. Alcantar*, 733 F.3d 143, 145-46 (5th Cir. 2013).

No. 23-50204

The judgment is AFFIRMED.